BONFANTI *vs*. DEGUERRE.

*In the matter of the Estate of* JOSEPH F. BONFANTI, *deceased.*

On being cited to account, a person standing in the relation of executor, administrator and guardian, alleged that the petitioner had assigned and sold all his right, title, and interest in the subject matter of the several trusts, to a third party not before the court,—*Held*, that it was beyond the jurisdiction of the Surrogate to determine whether or not the assignment was valid, if the assignee claimed under it, unless he was a party to the proceeding; and therefore that it was the duty of the court to direct the respondent to render his accounts in his several trust capacities.

ALEXANDER CLARKE, *for Petitioner.*
W. AUSTIN,
RALPH LOCKWOOD, *for Respondent.*

THE SURROGATE.—Joseph F. Deguerre is administrator with the will annexed of the estate of Joseph F. Bonfanti, deceased; executor of the last will and testament of Mary L. Bonfanti, deceased, and general guardian of Charles F. Bonfanti, a son and residuary legatee of Joseph F. and

Mary L.   Three petitions have been filed, one each in these several matters, praying for an account and payment.   Mr. Deguerre sets up in answer to these applications, that "said petitioner by certain assignments made and executed after said petitioner became of age, dated on or about the 11th day of July, 1853, sold, assigned and transferred to Frederick A. Woodworth, of San Francisco, in the State of California, all his said petitioner's right, title and interest in and to the property, claim and demand which he has or can have against the said Joseph Deguerre, on account of the matters stated in his said petition, and thereupon and ever since, the said petitioner has had no right, title or interest therein." Mr. Deguerre filed an inventory of the estates of Joseph and Mary Bonfanti on the 10th of April, 1849, but has never filed any account as executor, administrator or guardian. The petitioner Charles is entitled to one-fourth part of the estates of his deceased father and mother, excepting so much of the father's estate as was appropriated by his mother pursuant to the terms of his father's will—provided he has not parted with his interest.   The answers allege he has assigned his share ; the reply sets up certain facts to explain the assignment and to show that it was obtained under misrepresentations, and by a party who was in fact the agent of the executor and guardian.   I do not deem it necessary now to inquire into the truth of the allegations on either side touching the validity of the assignment.   The question is whether an executor, administrator or guardian can avail himself of a formal assignment by the legatee and ward, as a bar to proceedings to compel an account.   In the case of *Thomson* vs. *Thomson*, (1 *Bradf. R.*, 24), it was intimated that although on an application for an inventory and account and *payment*, in a case where the Surrogate had jurisdiction to try the claim, he would not order an account, if an answer was interposed denying the claim, unless the validity of the demand was established, yet if the creditor swear positively to his interest, and the Surrogate has not jurisdiction to try the question of payment, the account will be ordered

to be filed. In *Burwell* vs. *Shaw*, (2 *Bradf. R.*, 322), it was again stated to be the practice to order an inventory and account, where nothing more was required, notwithstanding the interest of the party applying was denied, provided the allegation of interest was positive, that is, if facts were stated on oath, sufficient in the first instance, if uncontroverted, to show a legal interest. In *Henry* vs. *Jackson*, (1 *Hagg.*, 105), it was pleaded to a motion for an inventory and account, that the residuary legatee had released to the executor, and the court said they would not enter into the question how the release was obtained, nor whether it was valid, and the residuary legatee having demanded the inventory and account, " they must be produced without delay," as they might " perhaps be the means of discovering an unfair settlement." The principle of this case is just in point:—whether the assignment to Woodworth set up by Deguerre is valid or not I cannot determine if Woodworth claims under it, because he cannot be made a party before me unless cited in by the executor on a final accounting, and as to the guardianship account there is no way of making him a party. In any event it is beyond my power in the present proceeding to pass upon the claim and interests of Woodworth, as he is not before me. If I had jurisdiction to try his claim and make a decision binding upon him as well as Deguerre, then I would settle that issue in the first place, and let the question of accounting or not accounting abide the determination of that issue. Not having the jurisdiction, and the party applying to me being *primâ facie* entitled as legatee and ward to an account, desired, perhaps, for the purpose of ascertaining whether he has made a fair settlement, and whether there is good ground for making an effort before another tribunal to set aside the assignment to Woodworth, I think it my duty to order the accounts to be rendered.